1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINE D. HAUCK,

Plaintiff,

v.

PHILLIP D. WALKER, et al.,

Defendants.

CASE NO. C13-5729 BHS

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendants Phillip Walker, Robert

Anderson, and Garry Lucas's ("Defendants") motion for summary judgment (Dkt. 18).

The Court has considered the pleadings filed in support of and in opposition to the

motion and the remainder of the file and hereby grants the motion for the reasons stated

herein.

## I. PROCEDURAL HISTORY

On August 23, 2013, Plaintiff Christine Hauck filed a motion to proceed *in forma*

*pauperis*. Dkt. 1. On August 26, 2013, the Court granted the motion and accepted her

civil rights complaint. Dkt. 3. Hauck asserts causes of action for violations of her Fourth

1  Amendment and Fourteenth Amendment rights and a violation of article 1, § 7 of the

2  Washington State Constitution.  *Id.*

3       On February 25, 2014, Defendants filed a motion for summary judgment.  Dkt. 18.

4  On March 19, 2014, Hauck responded.  Dkt. 22.  On March 21, 2014, Defendants replied.

5  Dkt. 25.

6  **II. FACTUAL BACKGROUND**

7       On or about August 13, 2010 a felony arrest warrant was issued for Hauck by a

8  Circuit Court Judge in Clackamas County, Oregon.  *See* Dkt. 19 at 5.  After arriving at

9  Hauck's residence, Deputy Walker was unable to locate Hauck.  Shortly thereafter,

10  Hauck's ex-husband, Steven Hudson, arrived to pick up their daughter, Hanna.  After

11  Hanna left the house, the officers entered and found Hauck in a bathroom.  The parties

12  dispute exactly what transpired next, but Hauck was arrested, handcuffed, and escorted

13  out of the house to the officer's patrol car.  Hauck did not allege that she suffered any

14  injuries, and Deputy Walker issued a citation for resisting arrest.

15  **III. DISCUSSION**

16       Defendants request that the Court grant them qualified immunity on Hauck's §

17  1983 claims and argue that there is no private right of action under article 1, § 7 of the

18  Washington state constitution.  Dkt. 18.

19  **A.**     **Summary Judgment Standard**

20       Summary judgment is proper only if the pleadings, the discovery and disclosure

21  materials on file, and any affidavits show that there is no genuine issue as to any material

22  fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

1  nonspecific statements in affidavits are not sufficient, and missing facts will not be

2  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

3  **B.      42 U.S.C. § 1983**

4          Section 1983 is a procedural device for enforcing constitutional provisions and

5  federal statutes; the section does not create or afford substantive rights.  *Crumpton v.*

6  *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In order to state a claim under 42 U.S.C. §

7  1983, a plaintiff must demonstrate that (l) the conduct complained of was committed by a

8  person acting under color of state law and that (2) the conduct deprived a person of a

9  right, privilege, or immunity secured by the Constitution or by the laws of the United

10  States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by*

11  *Daniels v. Williams*, 474 U.S. 327 (1986).

12          **1.      Fourth Amendment**

13          The Fourth Amendment guarantees the right of the people to be secure in their

14  persons, houses, papers, and effects, against unreasonable searches and seizures.  U.S.

15  Constitution, Amend. VI.   In this case, Hauck claims violations of her rights because of

16  (1) a warrantless arrest and (2) excessive force.  With regard to the former, there was a

17  warrant issued for her arrest on two counts of felony identity theft.  *See* Dkt. 19 at 5.

18  Therefore, the Court grants Defendants' motion for summary judgment on this issue.

19          With regard to the excessive force claim, it is well established that Fourth

20  Amendment  excessive  force  claims  are  properly  analyzed  under  an  "objective

21  reasonableness"  standard.  *Graham v. Connor*, 490 U.S. 386, 394 (1989).  In other

22  words, law enforcement  officers making  an arrest may use only that amount  of force

1   that is objectively reasonable in light of the facts and circumstances confronting the

2   officer, without regard to the officer's underlying intent or motivation. *ld.* at 397.

3   When analyzing an excessive force claim, the court must first examine the quantum of

4   force used against the individual. *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994).

5   Next, the court must assess the importance of the governmental interests involved. *Id*.

6   Finally, the court must "consider the dispositive question whether the force that

7   was applied was reasonably necessary under the circumstances." *Miller v. Clark*

8   *County*, 340 F.3d 959, 966 (9th Cir. 2003).

9        In this case, the facts do not show that the officers' actions were objectively

10   unreasonable.  It is undisputed that the officers applied force to remove Hauck from the

11   bathroom, handcuff her, and escort her to the patrol car.  But there is no evidence of

12   bodily injury or excessive duration of force and the only damage to property was an

13   alleged hole in the bathroom wall from the doorknob.  Under these facts, Hauck fails to

14   state a claim for excessive force.  Therefore, the Court grants Defendants' motion on this

15   issue.

16        **2.**     **Fourteenth Amendment**

17        Official conduct that "shocks the conscience" is cognizable as a violation of due

18   process. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).  In determining whether

19   excessive force shocks the conscience, the court must first ask "whether the

20   circumstances are such that actual deliberation [by the officer] is practical." *Id*. at 1137

21   (quoting *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372 (9th Cir. 1998)

22   (internal quotation marks omitted)).

1    In this case, Hauck has failed to submit evidence of conduct that shocks the

2  conscience.  Therefore, the Court grants Defendants' motion on this issue and on Hauck's

3  § 1983 claim.

4  **C.    Article 1, § 7**

5    The Washington Supreme Court has held that there is no recognized civil cause of

6  action for an alleged violation under Article I § 7 of the Washington State Constitution.

7  *See Reid v. Pierce County*, 136 Wn.2d 195, 213 (1998).  Therefore, the Court grants

8  Defendants' motion and dismisses Hauck's claim with prejudice.

9                            **IV. ORDER**

10    Therefore, it is hereby **ORDERED** that Defendants' motion for summary

11  judgment (Dkt. 18) is **GRANTED** and Hauck's *in forma pauperis* status is **REVOKED**

12  for the purposes of appeal.

13    Dated this 31st day of March, 2014.

14

15

16                     BENJAMIN H. SETTLE
                       United States District Judge

17

18

19

20

21

22

ORDER - 6