UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE D. HAUCK,<br><br>        Plaintiff,<br><br>   v.<br><br>PHILLIP D. WALKER,<br><br>        Defendant. | CASE NO. C13-5729 BHS<br><br>ORDER DECLINING TO RECUSE, FORWARDING PLAINTIFF'S MOTION TO CHIEF JUDGE, AND RENOTING DEFENDANTS' MOTIONS |

This matter comes before the Court on Plaintiff Christine Hauck's ("Hauck") motion for recusal (Dkt. 59). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On August 23, 2013, Plaintiff Christine Hauck filed a motion to proceed *in forma pauperis*. Dkt. 1. On August 26, 2013, the Court granted the motion and accepted her civil rights complaint. Dkt. 3. Hauck asserts causes of action for violations of her Fourth Amendment and Fourteenth Amendment rights and a violation of article 1, § 7 of the Washington State Constitution. *Id*.

ORDER - 1

On February 25, 2014, Defendants Robert Anderson, Garry Lucas, and Phillip D. Walker ("Defendants") filed a motion for summary judgment. Dkt. 18. On March 31, 2014, the Court granted the motion and dismissed all of Hauck's claims. Dkt. 26. On April 10, 2014, Hauck appealed. Dkt. 31. On June 2, 2016, the Ninth Circuit Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings. Dkt. 36. In relevant part, the Ninth Circuit affirmed summary judgment on Hauck's wrongful arrest claim, but reversed on Hauck's excessive force claim. *Id*. The court concluded that Hauck had submitted sufficient evidence to create a question of fact whether the officers used excessive force when they arrested Hauck. *Id*. Accordingly, the matter was remanded for further proceeding only on the excessive force claim. *Id*.

On April 28, 2017, Defendants moved to compel Hauck's deposition and responses to discovery requests. Dkt. 51. On May 12, 2017, Hauck responded arguing in part that Defendants' discovery requests were overbroad. Dkt. 53. On June 1, 2017, the Court held a telephone conference to resolve the discovery dispute. Dkt. 58. During the conference, Hauck revealed that the alleged excessive force did not cause all of the damages claimed in her complaint. Hauck is the master of her complaint, and only she can inform the Court and Defendants what damages were caused by the alleged excessive force, which is the only remaining claim in this case. In an effort to discover the relevant damages, and thus narrow the issues for discovery as Hauck requested, the Court ordered Hauck to appear for a deposition for the sole purpose of determining what damages Hauck claims resulted from the use of excessive force. The parties agreed on a deposition to occur around noon on June 8, 2017.

1  On June 8, 2017, instead of appearing for the deposition, Hauck filed the instant
2  motion requesting that the Court recuse itself from the matter. Dkt. 59[1]. On that same
3  day, Defendants filed a status report asserting that Hauck failed to appear for the
4  deposition and requested costs for the failure. Dkt. 60.

## II. DISCUSSION

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." Local Rules, W.D. Wash. LCR 3(e). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge . . . ." *Id.*

In this case, Hauck has failed to show that the undersigned's impartiality may reasonably be questioned. There is no authority for the proposition that a plaintiff may refuse to produce any discovery or continually fail to appear for a deposition. The only live claim in this matter is Hauck's claim for excessive force. When Hauck first informed the Court and Defendants that her damages for the excessive force claim were not all of the damages alleged in the complaint, the Court fashioned a remedy to determine the scope of Hauck's damages. Allowing Defendants a limited deposition to

---

[1] Although Hauck noted the motion for consideration on July 7, 2017, the motion is an ex parte motion that should have been noted for consideration the day it was filed. Local Rules, W.D. Wash. LCR 7(d)(1). Thus, the motion is ripe for consideration and Defendants need not respond.

define the scope of damages is not an act of impartiality, but rather an effort to simplify and facilitate the discovery obligations of Hauck, who is representing herself. Therefore, the Court concludes that Hauck has failed to show bias or impartiality and declines to recuse.

With regard to Defendants' motions, the Court will renote them for consideration on the Court's July 7, 2017 calendar. Hauck may respond accordingly.

### III.  ORDER

Therefore, the undersigned refuses to recuse voluntarily, and the Clerk shall refer Hauck's motion to the chief judge of the district and renote Defendants' motions.

**IT IS SO ORDERED**.

Dated this 12th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge