UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE D. HAUCK,<br><br>  Plaintiff,<br><br>  v.<br><br>PHILLIP D. WALKER, et al.,<br><br>  Defendants. | CASE NO. C13-5729BHS<br><br>ORDER ON REVIEW OF REFUSAL TO RECUSE |

This matter comes before the Court on Plaintiff's motion to recuse U.S. District Judge Benjamin J. Settle. Dkt. #59. Upon review of the motion, Judge Settle declined to recuse himself. Dkt. #62. In accordance with the Local Rules of this District, Plaintiff's motion was referred to this Court for a review of Judge Settle's refusal to recuse. LCR 3(e).

Plaintiff bases her motion to recuse on recent rulings that Judge Settle has issued in her case; specifically, rulings related to an earlier summary judgment motion and a recent motion to compel filed by Defendants. As "Examples of Bias or Prejudice," Plaintiff cites to the Court's Order granting summary judgment and the Minute Order entered at the conclusion of the telephonic discovery conference which Judge Settle conducted in an attempt to resolve the discovery dispute. Dkt. #59 at 11-15.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall

disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

Plaintiff cites no other reasons or evidence in support of her position than her dissatisfaction with prior rulings of Judge Settle. This is insufficient to form the basis of a valid request for recusal.

A judge's conduct in the context of previous judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued adverse rulings against a party.

In order to overcome this presumption, Plaintiff would have to show that facts outside the record influenced decisions or that the judge's rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter. Outside of her general, conclusory accusations, Plaintiff cites to no specific rulings that are either outlandish or irrational or in any way give rise to an inference of bias.

The Court finds no evidence upon which to reasonably question Judge Settle's impartiality and AFFIRMS his denial of Plaintiff's request that he recuse himself.

The Clerk SHALL provide copies of this order to Plaintiff and all counsel of record.

Dated this 14 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON REVIEW OF REFUSAL TO RECUSE- 3