UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE D. HAUCK,<br><br>                Plaintiff,<br><br>    v.<br><br>PHILLIP D. WALKER, et al.,<br><br>                Defendants. | CASE NO. C13-5729 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS AND MOTION TO COMPEL |

This matter comes before the Court on Defendants Garry Lucas and Phillip Walker's ("Defendants") motion for discovery sanctions and motion to compel production of discovery responses (Dkt. 95); and Plaintiff Christine Hauck's ("Hauck") motion to strike Defendants' motion (Dkt. 98). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On February 9, 2018, Defendants filed a motion requesting sanctions and an order compelling Hauck to respond to certain discovery requests. Dkt. 95. On February 26, 2018, Hauck responded and moved to strike Defendants' motion. Dkt. 98. On March 2, 2018, Defendants replied. Dkt. 99.

## II. DISCUSSION

As a threshold matter, Hauck moves to strike Defendants' motion asserting that they failed to confer with her regarding the merits of the motion before filing the motion. Dkt. 98 at 2. The Court disagrees because defense counsel certified in the motion that he attempted to meet and confer and submitted an email to Hauck requesting a conference on these discovery issues. Dkts. 96 at 2, 96-6 at 2. In response, Hauck fails to recognize Defendants' reference to the email or the email itself. Despite Hauck's repeated assertions that Defendants failed to meet and confer, the Court finds that Defendants have submitted sufficient evidence to establish an attempt to meet and confer. Therefore, the Court denies Hauck's motion to strike.

Regarding the merits, Defendants have established that Hauck has repeatedly failed to comply with her discovery obligations. The only remaining question is the appropriate sanctions. Defendants request dismissal of Hauck's claims for damages relating to lost employment opportunities, reasonable attorney's fees of $1,000 for time spent on numerous motions relating to this discovery, and any other sanction that the Court deems appropriate. Dkt. 95 at 9. First, the Court agrees that dismissal of Hauck's claims for lost employment opportunities and/or lost wages is appropriate. In fact, Hauck declares that "she had not made a claim alleging any injury resulting in the loss of earnings." Dkt. 98-1 at 7. To the extent such a claim was included in Hauck's complaint, the claim is dismissed. Fed. R. Civ. P. 37(b)(2)(A)(v) (court may dismiss action in part).

Second, the Court agrees that minimal monetary sanctions are appropriate. The Court has been extremely lenient on this issue and has even deferred ruling on monetary sanctions multiple times. Defendants are entitled to some compensation for their multiple attempts to receive adequate responses, especially in light of Hauck's continued defiance and refusal to even meet and confer to resolve these issues without formal motions. Therefore, the Court awards Defendants $1,000 in reasonable expenses.

Finally, the Court finds that no other sanctions are appropriate at this time. If Hauck attempts to rely on evidence at trial that was not properly produced during discovery, then Defendants may request that the evidence be excluded. In light of the facts of this proceeding and at this late of date, the Court finds that an order requiring further production would be futile. Thus, the Court denies additional sanctions and Defendants' request for an order compelling overdue production.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for discovery sanctions and motion to compel production of discovery responses (Dkt. 95) is **GRANTED in part** and **DENIED in part** as stated herein and Hauck's motion to strike (Dkt. 98) is **DENIED**.

Dated this 4th day of April, 2018.

BENJAMIN H. SETTLE
United States District Judge