UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINE D. HAUCK,

    Plaintiff,

v.

PHILLIP D. WALKER, et al.,

    Defendants.

CASE NO. C13-5729 BHS

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO STAY AND MOTION TO VACATE

This matter comes before the Court on Defendant Phillip Walker's ("Walker") motion for partial summary judgment (Dkt. 100), Plaintiff Christine Hauck's ("Hauck") motion to stay proceeding pending telephonic hearing (Dkt. 102), and Hauck's motion to vacate the Court's order imposing sanctions (Dkt. 106). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On August 23, 2013, Hauck filed a motion to proceed *in forma pauperis*. Dkt. 1. On August 26, 2013, the Court granted the motion and accepted her civil rights complaint. Dkt. 3. Hauck asserts causes of action for violations of her Fourth

Amendment and Fourteenth Amendment rights and a violation of article 1, § 7 of the Washington State Constitution. *Id.*

On March 31, 2014, the Court granted Defendants Walker, Robert Anderson, and Garry Lucas's ("Defendants") motion for summary judgment on all of Hauck's claims, entered judgment for Defendants, and closed this case. Dkt. 26, 27. On April 10, 2018, Hauck filed a notice of appeal. Dkt. 31. On June 2, 2016, the Ninth Circuit affirmed in part and reversed in part. Dkt. 36. The Ninth Circuit affirmed summary judgment on all of Hauck's claims except for her excessive force claim against Walker. *Id.* On this claim, the court concluded that Hauck has submitted sufficient evidence to create a material question of fact "because Hauck provided evidence that Walker slammed her head into the ground using the full weight of his body when she turned toward him while being escorted to the patrol car and that she was not attempting to spit on him." *Id.* at 2.

On March 7, 2018, Walker moved for partial summary judgment on numerous categories of damages alleged by Hauck. Dkt. 100. On March 24, 2018, Hauck filed a response/motion to stay pending telephonic conference. Dkt. 102. On April 9, 2018, Walker responded to Hauck's motion. Dkt. 105. On April 20, 2018, Hauck replied. Dkt. 108.

Regarding discovery, on April 4, 2018, the Court granted Walker's motions for sanctions in part and awarded Walker $1,000 in monetary sanctions as a result of Hauck's continued failure to participate in discovery. Dkt. 104. On April 16, 2018, Hauck filed a motion to vacate the award of sanctions. Dkt. 106. On April 30, 2018, Walker responded. Dkt. 109.

## II. DISCUSSION

**A.     Summary Judgment**

Walker moves for partial summary judgment on a portion of Hauck excessive force claim and the issue of damages. Dkt. 100. Hauck failed to respond to the merits of Walker's motion. Instead, Hauck moved to stay proceeding pending a telephonic conference to resolve disputes relating to the pending claims. Dkt. 102. The Court may defer ruling on a motion for summary judgment if the nonmoving party shows by affidavit or declaration that she is unable to present facts necessary to justify her opposition. Fed. R. Civ. P. 56 (d). Even if the Court construes Hauck's motion as a Rule 56(d) motion, Hauck has failed to provide any reason why she is unable to present facts necessary to justify *her* damages. Therefore, the Court denies Hauck's motion to defer ruling on Walker's motion and denies her request for a telephonic conference to discuss issues that should have been addressed in her response brief.

Furthermore, Hauck's failure to respond to the merits of Walker's motion places the Court in the unfortunate position of guessing what evidence Hauck intends to rely on if these issues go to trial. "It is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). "[R]equiring the district court to search the entire record, even though the adverse party's response does not set out the specific facts or disclose where in the record the evidence for them can be found, is unfair." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir.

2001). Under these guidelines, the Court has reviewed the documents Hauck filed after and in response to Walker's motion for partial summary judgment as well as the declarations that Hauck filed in response to the previous motion for summary judgment, Dkts. 22–24, 29.

1.  **Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 2. Confinement

Walker argues that the Court should conclude that the confinement of Hauck in the police vehicle without air conditioning does not constitute excessive force. Dkt. 100 at 6–8. Claims against law enforcement officers for the use of excessive force during an arrest are analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989); *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). The relevant question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him. *Id*. at 397. "[T]he Ninth Circuit has not squarely addressed the issue of a post-arrest detention in a hot, unventilated police vehicle . . . ." *Arias v. Amador*, 61 F.Supp.3d 960, 975 (E.D. Cal. 2014). However, based on other authorities, detainees have established excessive force claims when the officers subjected the detainee to prolonged exposure in a hot, unventilated vehicle. *See id.* (collecting cases); *see also Burchett v. Kiefer*, 310 F.3d 937,

945 (6th Cir. 2002) ("windows rolled up in ninety degree heat for three hours constituted excessive force"). On the other hand, "district courts have found that force was not excessive when the confinement lasted thirty minutes or less." *Arias*, 61 F.Supp.3d at 976.

In this case, Hauck has failed to establish a claim for excessive force based on her confinement in the police car for approximately 13 minutes. The Court finds that Walker did not act in an objectively unreasonable manner. Even if Walker's actions could be considered unreasonable, the law regarding police car confinement was not clearly established in August 2010 when the incident occurred. Finally, Hauck has failed to submit any evidence to establish injuries relating to her alleged unreasonable confinement. For all of these reasons, the Court grants Walker's motion for summary judgment to dismiss any excessive force claim based on Hauck's confinement in the police vehicle.

### 3. Other Alleged Injuries

A plaintiff can "generally recover damages that are proximately caused by any Fourth Amendment violation." *Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1548 (2017). Proximate cause means "that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 582–83 (7th Cir. 2012)).

In this case, Walker argues that Hauck failed to submit evidence establishing that Walker's alleged excessive force proximately caused all of her alleged injuries. Dkt. 100

at 9–15. Specifically, Walker challenges the sufficiency of the evidence as to Hauck's alleged damages of (1) attorney fees paid to her criminal defense lawyer in connection with being charged and convicted of resisting arrest; (2) bail costs; (3) lost employment opportunities; (4) time in the Clark County Jail; (5) loss of reputation; and (6) loss of custody of her seven-year-old daughter. *Id*. at 9. The only evidence the Court is aware of regarding whether these damages were caused by Walker's alleged excessive force is Hauck's deposition transcript. Dkt. 101 at 4–18. In the deposition, Hauck failed to connect the loss of custody over her daughter to Walker's alleged excessive force, failed to connect her criminal attorney's fees or bond payment to Walker's alleged excessive force, failed to connect her time in jail to Walker's alleged excessive force, and failed to connect any lost employment opportunity or loss of reputation to Walker's alleged excessive force. *See id*. These failures establish that no material questions of fact exist for trial on Hauck's alleged special damages. Therefore, the Court grants Walker's motion for summary judgment on these issues.

**B.  Vacate**

Hauck moves to vacate the Court's order granting sanctions. Dkt. 106. Hauck previously raised the majority of her arguments in response to Walker's motion for sanctions, and the Court rejected them. For example, Hauck argues that Walker failed to properly meet and confer before filing his discovery motion. *Id*. at 1–3. In rejecting this argument, the Court stated that, "[d]espite Hauck's repeated assertions that Defendants failed to meet and confer, the Court finds that Defendants have submitted sufficient evidence to establish an attempt to meet and confer." Dkt. 104 at 2. Therefore, the Court

denies Hauck's motion to vacate because she fails to provide any legitimate reason to vacate or reconsider the Court's prior order.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Walker's motion for partial summary judgment (Dkt. 100) is **GRANTED**, and Hauck motion to stay proceeding pending telephonic hearing (Dkt. 102) and motion to vacate the Court's order imposing sanctions (Dkt. 106) are **DENIED**.

Dated this 4th day of May, 2018.

BENJAMIN H. SETTLE
United States District Judge